UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 2 2011 ★

BROOKLYN OFFICE

T.K. AND S.K., INDIVIDUALLY AND ON BEHALF OF L.K.

    Plaintiff-Appellant,

– against –

NEW YORK CITY DEPARTMENT OF EDUCATION,

    Defendant.

**MEMORANDUM & ORDER**

10-CV-00752

**JACK B. WEINSTEIN, Senior United States District Judge:**

**APPEARANCES:**

For Plaintiff:

    GARY S. MAYERSON
    Mayerson and Associates
    330 West 38th Street, Suite 600
    New York, NY 10018

    BRIANNE NICOLE DOTTS
    Mayerson and Associates
    330 West 38th Street, Suite 600
    New York, NY 10018

For the Defendant:

    Michael A. Cardozo, Corporation Counsel of the City of New York
    By: JOHN MICHAEL BUHTA, Of Counsel
        ABIGAIL LYNNE GOLDENBERG, Of Counsel



The Department of Education ("DOE") moved for summary judgment. DOE's motion was denied in part and granted in part. *See T.K. v. New York City Dept. of Educ.*, No. 10-cv-00752, 2011 WL 1549243 (E.D.N.Y. April 25, 2011).

A district court has discretion to remand a case back to an administrative body to re-examine an issue of law or fact where it was clearly erroneously determined the first time. *See Gagliardo v. Arlington Cen. Sch. Dist.*, 373 F.Supp.2d 460, 461 (S.D.N.Y. 2005) (reasoning that because the district judge was not an expert in educational policy, it is appropriate to refer the matter back to a fact finder who can opine on the issue); *Gabel ex. rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F.Supp. 2d 313, 333 (S.D.N.Y. 2005) ("Since I must vacate the SRO's decision (because it rests on a demonstrably erroneous interpretation of the relevant federal regulations) but cannot reinstate the IHO's decision (because it rests on a demonstrably erroneous interpretation of state law), the question becomes what to do in order to keep the related services issue from languishing in some legal limbo. I conclude that the appropriate course is to remand this matter to the SRO so he can address the merits of the parents' request . . . ."). *See also*, 20 U.S.C. §1415(i)(2)(C)(iii).

For the reasons stated orally, this matter is remanded to an Impartial Hearing Officer ("IHO"), preferably the one who heard the case in the first instance. The IHO is respectfully requested to expedite the case. The IHO is ordered to review evidence of bullying and make a determination of whether harassment deprived L.K. of her educational benefit and any other relevant issues bearing on this issue. This determination shall be made utilizing the articulated test in this court's memorandum and order of April 25, 2011.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: April 28, 2011

Brooklyn, New York