# MAYERSON & ASSOCIATES
330 WEST 38TH STREET, SUITE 600 • NEW YORK, NEW YORK 10018
PHONE (212) 265-7200 • FAX (212) 265-1735 • EMAIL: GARY@MAYERSLAW.COM

WWW.MAYERSLAW.COM

---

May 16, 2011

**VIA ECF**

Hon. Jack B. Weinstein, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **T.K., et al. v. N.Y. City Dep't of Educ.**
            **10 Civ. 752 (JBW)(ALC)**

Dear Judge Weinstein:

    We represent plaintiffs in the above matter, and are writing in response to Ms. Goldenberg's request to clarify and certify the Court's April 25, 2011 decision as a final decision subject to immediate appeal.

## I. BURDEN OF PROOF CLARIFICATION

    As defendant notes, following *Schaffer v. Weast*, 546 U.S. 49 (2005), the New York Legislature placed the burden of proof and persuasion in IDEA-based due process hearings back on the school district. Specifically, N.Y. Educ. Law § 4404(1)(c) states that the burden of proof and persuasion is entirely on the school district, "except that a parent … seeking tuition reimbursement for a unilateral parental placement shall have the burden of persuasion and burden of production on the appropriateness of such placement," *i.e.*, the parents have the burden as to Prong II to show the appropriateness of the unilateral placement and/or program selected by the parents. Accordingly, as to Prong I issues, the burden in New York State remains squarely on the school district, and for good reason: only the school district knows and has control as to what is going on behind the schoolhouse doors. That is particularly the case, as here, there are allegations of "bullying" and evidence that the school district failed to timely disclose a series of incident reports.

    This Court articulated a four-pronged test to determine whether a school district's indifference to allegations of bullying rises to a deprivation of a "free, appropriate public education" ("FAPE") under the IDEA. This Court has determined, based upon the underlying record, that plaintiffs have established all four prongs, but has remanded it for further hearing on the issue because that issue was not fully explored below (*i.e.*, the Impartial Hearing Officer rejected any potential nexus between bullying and FAPE).

Defendant erroneously argues that its burden is limited to whether it complied with the IDEA's procedural requirements, and whether "the educational plan set forth in the IEP was reasonably calculated to confer educational benefit on the student." Here, the DOE did not even procedurally comply with the IDEA, at the IEP meeting and even before, because it flatly refused to discuss or consider plaintiffs' expressed concerns about the hostile environment at P.S. 6.

Defendant goes further to state that "plaintiff does not allege that the IEP formulated for the student for the 2007-2008 school year was inappropriate."[1] In plaintiffs' request for due process dated June 20, 2008, it is alleged, *inter alia*:

> "The CSE [IEP team] unilaterally refused to address the ongoing bullying of and negative effects on [L.K.] academically and socially in the P.S. 6 CTT classroom despite [L.K.]'s parents efforts to discuss this at the IEP meeting and in prior meeting and written communications, clearly indicative of the CSE's deliberate indifference to this problem."

*See* P-A, p. 4.[2] We are thus challenging the proposed IEP to the extent that it fails to address the bullying issue and plaintiffs' stated concerns.

Where, as here, defendant refused to discuss bullying at the IEP meeting, it explains why bullying is not addressed in the IEP. Defendant is using smoke and mirrors in an attempt to limit the inquiry to whether the IEP document itself is appropriate, and in essence, is asking that this Court (and the Impartial Hearing Officer) disregard the actual placement and hostile environment at P.S. 6. While the Second Circuit has determined that identification of the specific school location is not a procedural requirement of the IDEA, it necessarily impacts the substantive appropriateness of the school district's recommendation. *See T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412 (2d Cir. 2009). Even in *T.Y.*, the Second Circuit warned that it was not giving school districts *carte blanche* to select inappropriate placements. This is a Prong I issue that goes to the substantive appropriateness of the school district's school placement. Plaintiffs challenged the IEP document and the IEP development process as being devoid of any meaningful consideration and discussion of the bullying issue. The absence of any mention of bullying in the IEP is plaintiffs' main challenge to the sufficiency of defendant's IEP document.

Plaintiffs agree that this Court should clarify the "burden" issue for purposes of any remand, etc. As this Court has held, plaintiff has established a *prima facie* case that all four prongs of the Court's test have been met, and that because of this, defendant's proposed placement at P.S. 6 was not substantively appropriate. As this is a Prong I issue, and as only defendant has control of and information as to what happens behind its schoolhouse doors, plaintiffs urge that defendant has the burden of production and persuasion to show that P.S. 6 was an appropriate placement, and that defendant appropriately addressed the bullying issue and plaintiffs' stated concerns.

---

[1] It should be noted, the school year in question in this case is the 2008-2009 school year. Accordingly, plaintiffs had no obligation to allege that the "2007-2008" IEP was "inappropriate."

[2] Reference is made to parents' Exhibit A, which was entered into the record at the administrative hearing.

## II. CERTIFICATION FOR APPEAL PURSUANT TO 29 U.S.C. § 1292(B)

While this Court's central holding, reversing the State Review Officer, certainly presents a "controlling question of law," plaintiffs urge that an immediate appeal would not serve to "advance the ultimate termination of the litigation." This case is a 2008-2009 school year case. Evidence, memory, and witnesses will only further attenuate, if, as is anticipated, the Second Circuit affirms before any remand. On the other hand, defendant loses no appeal rights if, as requested, the remand phase occurs at this time. Significantly, the Impartial Hearing Officer was ready to schedule the remand as early as May 18, 2011, but that date was stayed because of defendant's instant application.

For all the foregoing reasons, plaintiffs urge that this Court should: (a) clarify that defendant has the Prong I burden on the bullying/school district response issue; and (b) deny defendant's request for immediate appeal certification.

Sincerely,

Gary S. Mayerson
Brianne N. Dotts

Cc:   John Buhta, Esq.
      Abigail Goldenberg, Esq.